### FOR THE

## COUNTY OF LAMOILLE,

### APRIL TERM, 1852.

---

PRESENT,

Hon. STEPHEN ROYCE, CHIEF JUDGE.
Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. PIERPOINT ISHAM, }

---

## STILLMAN CHURCHILL v. WILLIAM P. BRIGGS.

*Ex parte depositions in book actions. Caption.*

*Ex parte* depositions, taken to be used before auditors, are not required to be filed thirty days before the hearing; and where the case, in a caption to a deposition, taken to be used before an auditor, was described as " to be tried by the county " court, at the term next to be holden, &c.," *it was held,* to be a sufficient description of the time and place of trial, and that the deposition was properly received.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed.

The only question arising in this case, was in regard to the admissibility of the deposition, of one William K. Upham, on the

hearing before the auditor. The caption to the deposition, described the case as "to be tried by the county court, at the term "next to be holden, &c."

The defendant insisted, that the auditor erred in admitting the deposition. The county court, December term, 1851,—PECK, J., presiding, overruled the objection, and rendered judgment on the report, for the plaintiff. Exceptions by defendant.

*George Wilkins* for defendant.

Cited, Comp. Stat. of 1850, p. 274, § 13. And also insisted, that a deposition, bearing a caption, that it is taken to be used *in a particular court*, can be used only in that court, and that this caption subjected the deposition to the rule applicable to a deposition taken to be used in term time.

———— ———— for plaintiff.

BY THE COURT. The only question in this case, is in regard to the admissibility of the deposition of William K. Upham. It having been decided by this court, (*Brigham* v. *Abbott*, 21 Vt. 455,) that *ex parte* depositions taken to be used before auditors, are not required to be filed thirty days before the hearing, as in the case of trials in the county, and supreme court, it only remains to inquire, whether this deposition is properly taken, to be used before the auditor. The case is described, as "to be tried by the county court, at the term next to be holden," &c. It has never been deemed important, that the deposition should be taken for the very term, at which it was to be used. If the case is described, as to be tried at the next term, and is not, in fact, tried, or, by the rules of court, not triable, at that term, the deposition is, nevertheless, properly taken, and may be used at any future term, when the case happens to be tried. And if this were not so, it would be attended with very great inconvenience in many cases, where depositions were taken at a distance, or of witnesses going out of the state, and long before the case was in such a state of forwardness, that the time of trial could be calculated with certainty. It seems to have been the intention of the legislature, to enable the parties to take depositions in all cases, where suits are pending, by correctly describing them, as pending in court.

All this applies, with great force, in favor of allowing depositions in book actions, to be taken in the mode this was. It certainly describes the suit correctly, and the time and place of trial, as correctly as in cases tried by the jury, when the time of trial is not yet certainly known. If this mode of describing the trial of book actions was not allowed, as the time is not usually fixed very long before the trial, it would be difficult, if not impossible, in cases where witnesses reside at a distance, to take their depositions at all, certainly not without .unnecessary embarrassment There is no doubt the caption of a deposition, in a case like the present, may describe the case, as to be tried before the auditor, on a day certain, but we think it may also be taken in the mode this is.

The filing of the deposition in this case, seems to us a reasonable compliance with the statute, even if it were required to be filed thirty days with the clerk, which, we have said, is not the construction the statute has received. Judgment affirmed.